UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

EDWARD WAYNE BRADLEY,

                             Plaintiffs,

                 - against -

R.E. MANAGEMENT, INC., R.E. BUILDERS, INC.,
122 EAST 103 STREET ASSOC., LLC,
STEVEN KESSNER, and ANITA BENITEZ

                          Defendants.

----------------------------------------------------------------------x



JUDGE COTE
ELLIS

06 CV 15383

COMPLAINT

RECEIVED
DEC 21 2006
U.S.D.C. S.D. N.Y.
CASHIERS

## PRELIMINARY STATEMENT

1.     This action seeks redress for serious transgressions of the federal Fair Labor Standards Act and the New York Wage and Hour Law.  In a fundamental breach of these statutory obligations, defendants R.E. Management, Inc., R.E. Builders, Inc., 122 East 103 Street Assoc., LLC, Steven Kessner and Anita Benitez (hereinafter "defendants") paid plaintiff Wayne Bradley (hereinafter "plaintiff" or "Mr. Bradley") substantially less than the minimum wage, failed to pay Mr. Bradley overtime compensation, and failed to pay Mr. Bradley an additional hour of "spread of hours" pay at minimum wage for every day in which he worked more than ten hours.

## JURISDICTION AND VENUE

2.     This Court has subject matter jurisdiction over plaintiff's claims under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, pursuant to 28 U.S.C. § 1331, because plaintiff's

Fair Labor Standards Act claims arise under a statute of the United States.

3.      This Court has supplemental jurisdiction over plaintiff's claims under the New York Minimum Wage Act, N.Y. Labor Law § 650 *et seq*., pursuant to 28 U.S.C. § 1367, because these claims are so closely related to plaintiff's claims under the Fair Labor Standards Act that they form parts of the same case or controversy under Article III of the United States Constitution.

4.      Pursuant to § 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b), plaintiff has consented in writing to becoming a party to this lawsuit. Plaintiff's written consent to be part of this action is attached hereto and is incorporated by reference.

5.      Venue is vested in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## PARTIES

6.      Mr. Bradley was employed by defendants R.E. Management, Inc., R.E. Builders, Inc., 122 East 103 Street Assoc., LLC, Steven Kessner, and Anita Benitez at their businesses located at 112 East 103rd Street, New York, New York, 122 East 103rd Street, New York, New York, 124 East 103rd Street, New York, New York, and 126 East 103rd Street, New York, New York, from February 2004 through January 2006.

7.      Defendants were Mr. Bradley's employers. Defendants together hired, supervised, controlled, and paid him. Defendants are domestic business corporations and agents of these domestic business corporations with their principal offices located at 1790 Third Avenue, New York, New York 10029. Mr. Bradley resides in New York, New York.

2

## FACTUAL ALLEGATIONS

8.      At all times during his employment, Mr. Bradley was an "employee" as defined in Section 3(e)(1) of the Act, 29 U.S.C. 203(e)(1), and defendants were his "employers" within the meaning of Section 3(d) of the Act, 29 U.S.C. 203(d).

9.      R.E. Management, Inc., R.E. Builders, Inc., and 122 East 103 Street Assoc., LLC, are New York corporations doing business as realty companies and as such make up an enterprise as defined in Section 3(r)(1) of the Act, 29 U.S.C. 203 (r)(1), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. 203(s)(1)(A), in that the defendants' employees are engaged in interstate commerce and defendants' annual gross volume of sales made or business done exceeds $500,000.00, exclusive of excise taxes.

10.     Mr. Bradley was employed by defendants from approximately February 2004 to January 2006 as a superintendent of defendants' residential buildings located at 112 East 103rd Street, New York, New York, 122 East 103rd Street, New York, New York, 124 East 103rd Street, New York, New York, and 126 East 103rd Street, New York, New York.  Mr. Bradley was characterized and treated in all respects as an employee by defendants during this time period.

11.     Defendants employed Mr. Bradley within the meaning of Section 3(g) of the Act, 29 U.S.C. 203(g), during all time periods relevant to this complaint.

12.     Defendants employed a work week beginning on Mondays and ending on Sundays during all time periods relevant to this complaint and Mr. Bradley reported his hours to defendants based upon this work week definition.  He was paid based upon this Monday to

3

Sunday work week. Mr. Bradley's hours of work were determined by defendants.

13. Mr. Bradley regularly worked hours in excess of 40 hours in a work week for the defendants during all time periods relevant to this complaint. Despite having scheduled hours of work from Mondays through Fridays beginning 6:00 a.m. to 4:00 p.m. and Saturdays through Sundays beginning 8:00 a.m. to 12:00 p.m., Mr. Bradley was regularly on site outside of these scheduled hours at defendants' residential buildings located at 112 East 103rd Street, New York, New York, 122 East 103rd Street, New York, New York, 124 East 103rd Street, New York, New York, and 126 East 103rd Street, New York, New York to perform general building maintenance duties.

14. Indeed, Mr. Bradley was required to check the water levels of the hot water and heating boiler for the residential buildings located at 122 East 103rd Street, New York, New York, 124 East 103rd Street, New York, New York, and 126 East 103rd Street, New York, New York every four hours throughout each day of the week to assure that hot water and heating were being provided to the tenants in the buildings. Mr. Bradley was required to maintain the functionality of the building boiler every four hours throughout each day during all time periods relevant to this complaint, outside of his scheduled work hours.

15. Mr. Bradley was also required to address the issue of a homeless population that continued to inhabit the rooftops of defendants' residential buildings on a daily basis. It became a general building maintenance duty for Mr. Bradley to go up to the rooftops each and every night to clear out the returning homeless individuals. Mr. Bradley was required to maintain the functionality of the building rooftop each and every night during all time periods relevant to this complaint, outside of his scheduled work hours.

4

16.     Mr. Bradley was required to manage a pervasive rodent problem that existed at

defendants' residential buildings.  Mr. Bradley would spend hours each and every night laying

down mouse traps and poison to control the vermin mice.  Mr. Bradley was required to control

the vermin mice each and every night during all time periods relevant to this complaint, outside

of his scheduled work hours.

17.     Mr. Bradley was required to be on-call twenty four hours per day and his name

and phone number were listed as an emergency contact for all the tenants in the four separate

residential buildings in which he worked.  In total, Mr. Bradley was responsible for the

maintenance of 112 apartment units located within defendants' residential buildings.  There are

30 apartment units located at 112 East 103rd Street, New York, New York, 24 apartment units

located at 122 East 103rd Street, New York, New York, 30 apartment units located at 124 East

103rd Street, New York, New York and 28 apartment units located at 126 East 103rd Street, New

York, New York.

18.     Mr. Bradley was consistently called upon from several of the tenants in any

given night, especially after 5:00 p.m. when the tenants were home from work, to perform

emergency repairs on a variety of housing maintenance problems including, but not limited to,

kitchen and bathroom plumbing problems, leaking ceilings, door jams, window jams, electrical

problems. Mr. Bradley was required to be on-call for tenant emergency repairs during all time

periods relevant to this complaint, outside of his scheduled work hours.

19.     Mr. Bradley was required to perform general contracting duties for defendants,

such as the full renovating of kitchens and bathrooms in apartment units, putting up new

ceilings with dry wall, laying down new floors, refinishing bathtubs, repairing and replacing

5

toilets, plastering and painting apartments, and fixing any problems that arose in the residential

buildings owned by Defendants and located at 112 East 103rd Street, New York, New York, 122

East 103rd Street, New York, New York, 124 East 103rd Street, New York, New York, and 126

East 103rd Street, New York, New York.  Mr. Bradley was required to perform general

contracting work above and beyond his duties as a superintendent during all time periods

relevant to this complaint, outside of his scheduled work hours.

20.     Throughout Mr. Bradley's entire employment with defendants from the

beginning of February 2004 and until the end of January 2006, Mr. Bradley worked for

defendants approximately 94.5 hours per week (including scheduled work hours, regular

maintenance work performed outside of scheduled work hours and on-call hours) and was paid

$375.00 each week.  During this period, Mr. Bradley had an effective wage rate of $3.97 per

hour.  Mr. Bradley was not paid the minimum wage by the defendants nor was he paid at one

and one-half times his applicable hourly rate for any hours worked in excess of 40 hours in a

work week at any time during the time period relevant to this complaint.

21.     Defendants' failure to pay Mr. Bradley the minimum wage and overtime pay was

willful and in bad faith.  Defendants had no reasonable grounds for believing that their failure

to pay the minimum wage and overtime pay was consistent with the Fair Labor Standards Act

or the New York State Minimum Wages Act.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF:
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

22.     Section 6(a) of the FLSA, 29 U.S.C. § 206(a), provides that any employee em-

6

ployed in an enterprise engaged in commerce shall be paid wages at a rate not less than $5.15 per hour.

23.     Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that no employer engaged in commerce shall employ an employee for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she is employed.

24.     Section 16 of the FLSA, 29 U.S.C. § 216(b), provides that any employer who violates the provisions of 29 U.S.C. §§ 206 or 207 shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

25.     The United States Department of Labor calculates unpaid wages and overtime compensation for employees, like plaintiff, who are paid by the week, by dividing the number of hours worked for each week by the amount of pay for that week.  If that figure is less than the minimum wage of $5.15, the employee is owed the difference for all hours up to 40 per week.  If the employee worked more than 40 hours per week, the employee is also owed one and one-half times the weekly wage (or times the minimum wage, if the weekly wage is less than the minimum wage) for all hours above 40 per week.  Additional liquidated damages are due in an amount equal to the total unpaid minimum wages and unpaid overtime compensation.

26.     Defendants' failure to pay plaintiffs the minimum wage or overtime violated the Fair Labor Standards Act.

## SECOND CLAIM FOR RELIEF:
## NEW YORK STATE MINIMUM WAGES AND OVERTIME

27.     Plaintiff repeats and re-alleges paragraphs 1 through 26.

28.     The New York State Minimum Wage Act provides that, effective March 31, 2000 through December 31, 2004, every employer shall pay to each of its employees for each hour worked a wage of not less than $5.15 (or any greater amount as may be established by the FLSA), that beginning January 1, 2005, every employer shall pay to each of its employees for each hour worked a wage of not less than $6.00 (or any greater amount as may be established by the FLSA) and that beginning January 1, 2006, every employer shall pay to each of its employees for each hour worked a wage of not less than $6.75 (or any greater amount as may be established by the FLSA). N.Y. Labor Law § 652(1).

29.     Pursuant to regulations issued by the State Commissioner of Labor, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in the FLSA. 12 N.Y.C.R.R. § 142-2.2.

30.     Pursuant to N.Y. Labor Law §§ 198.1-a and 663, an employer who willfully fails to pay wages and overtime required by the Minimum Wage Act shall be liable, in addition to the amount of any under-payments, for liquidated damages equal to twenty-five percent of the total of such under-payments found to be due him.

31.     Defendants' failure to pay plaintiff the minimum wage or overtime violated the New York Labor Law.

## THIRD CLAIM FOR RELIEF:
## NEW YORK STATE SPREAD OF HOURS

32.     Plaintiff repeats and re-alleges paragraphs 1 through 31.

8

33.     Defendants failed to pay plaintiff an extra hour's pay at minimum wage for every day that plaintiff worked in excess of ten hours, in violation of New York Labor Law §§ 190, *et seq.*, and 650, *et seq.*, and New York State Department of Labor regulations, 12 N.Y.C.R.R. §§ 137-1.6, 142-2.4.

34.     Plaintiff is entitled to an award of an extra hour's pay for every day that plaintiffs worked in excess of ten hours, in an amount to be determined at trial, pursuant to New York Labor Law §§ 190, *et seq.*, and 650, *et seq.*, and New York State Department of Labor regulations, 12 N.Y.C.RR. §§ 137-1.6, 142-2.4.

### FOURTH CLAIM FOR RELIEF:
### MAINTENANCE OF EMPLOYMENT RECORDS

35.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 34.

36.     Upon information and belief, defendants intentionally failed to maintain adequate and accurate written records for the hours worked and wages earned by plaintiff in order to facilitate their exploitation of plaintiff's labor.

37.     Defendants' knowing and intentional acts constitute a violation of 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2.

38.     Defendants' knowing and intentional acts constitute a violation of N.Y. Lab. Law § 195(4) and 12 N.Y.C.R.R. § 137-2.1.

39.     As a result of the foregoing, plaintiff has been injured, and defendants have profited thereby, in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF:
## DEDUCTIONS FROM WAGES

40.     Upon information and belief, defendants unlawfully made deductions from Mr. Bradley's wages for work-related cellular phone service charges.

41.     Defendants' knowing and intentional acts constitute a violation of N.Y. Lab. Law § 193(1).

42.     As a result of the foregoing, plaintiff has been injured, and defendants have profited thereby, in an amount to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE**, plaintiff Wayne Bradley respectfully requests this Court to grant him the relief requested as follows:

1.     Unpaid wages and overtime pay, plus liquidated damages and/or interest thereon;

2.     All unlawful deductions made from wages;

3.     Pre-judgment interest;

4.     Reasonable attorney's fees, costs, and expenses pursuant to 29 U.S.C. §  216(b) and N.Y. Labor Law §§ 198 and 663;

5.     The costs and disbursements of this action; and,

6.     Such other and further relief that the Court deems just and proper.

Dated: New York, New York
December 21, 2006

By:     _____
THE LEGAL AID SOCIETY
Christopher Lamb, Attorney-in-Charge
Employment Law Project
Attorney for Plaintiff

10

199 Water Street, 3rd Floor
New York, New York 10038
(212) 577-3626

By:    Amy M. Hong, Of Counsel
       (AH5683)

11

## SECTION 216(b) FAIR LABOR STANDARDS ACT AUTHORIZATION

I, Edward Wayne Bradley, hereby consent to be a plaintiff in a lawsuit pursuant to Section 216(b) of the Federal Fair Labor Standards Act.

Dated: New York, New York
        December 8, 2006

EDWARD WAYNE BRADLEY

Sworn to before me this
8th day of December 2006

NOTARY PUBLIC

**AMY M. HONG**
Notary Public, State of New York
No. 02HO6106886
Qualified in New York County
Commission Expires March 15, 20 08